MANDATE

19-3642
*Edo v. Antika Pizzeria Astoria, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-one.

PRESENT: Guido Calabresi,
Steven J. Menashi,
 *Circuit Judges*,
Denise Cote,[*]
 *District Judge.*

_____

BILLY EDO,

 *Plaintiff-Appellant*,

v.                 No. 19-3642

ANTIKA PIZZERIA ASTORIA, INC.,

 *Defendant-Appellee*.[†]

_____

---

[*] Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

MANDATE ISSUED ON 07/29/2021

*For Plaintiff-Appellant*:	Billy Edo, pro se, New York, NY.

*For Defendant-Appellee*:	No Appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Billy Edo, proceeding pro se, sued his former employer, Antika Pizzeria Astoria, Inc. ("Antika"), under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") alleging discrimination on the basis of age, race, and sex; a hostile work environment; and retaliation. Edo's complaint, however, was untimely as to all claims. We therefore affirm the district court's judgment in favor of Antika. *See Edo v. Antika Pizzeria Astoria, Inc.*, No. 15-CV-5605, 2019 WL 4602799 (E.D.N.Y. Sept. 23, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC

or the equivalent state agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). The same rule applies to ADEA suits. *See* 29 U.S.C. § 626(d). "In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *see* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). In this case, Edo filed his complaint 114 days after receiving his right-to-sue letter from the EEOC, 24 days after the statutory deadline.

"While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (internal quotation marks omitted). In the proceedings below, Edo argued that the district court should excuse his untimely filing because his paranoid schizophrenia and related conditions of anxiety and depression entitled him to equitable tolling. *Edo*, 2019 WL 4602799, at *6. The district court denied his request. *Id.* at *7. We review that decision for abuse of discretion. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

"[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from

3

exercising his rights." *Id.* at 80 (internal quotation marks, alterations, and citations omitted). Although we have recognized that tolling "is generally considered appropriate ... where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion," *id.*, "[o]ur caselaw has made clear ... that mental illness does not toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given situation is a highly case-specific inquiry," *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (internal quotation marks omitted).

Here, the record reflects that Edo was hospitalized for psychiatric treatment approximately two months before he received the right-to-sue letter. The record does not indicate that Edo was hospitalized during the 90-day limitations period. Moreover, although Edo submitted evidence that he received outpatient psychiatric treatment during and after the limitations period, the record is silent as to the extent of Edo's impairment during that period, and he does not explain how his condition changed between the limitations period and the date he filed his complaint. Furthermore, Edo claims that he suffered from the same medical condition at the time of his firing, which, if true, means that he filed his EEOC charge while suffering from his illnesses. Thus, while the record indicates that Edo

suffers from a serious medical condition, it does not suggest that his condition "prevented" him from filing this lawsuit within 90 days of receiving his right-to-sue letter. *Zerilli-Edelglass*, 333 F.3d at 80. Therefore, the district court did not abuse its discretion in denying Edo's request for equitable tolling. And having denied that request, the district court correctly entered judgment in Antika's favor. *See Sherlock*, 84 F.3d at 525; *Johnson*, 731 F.2d at 146.

Edo also challenges an order issued by the magistrate judge in the proceedings below requiring Edo to pay $295 for translation and interpretation services that were ordered for a deposition for which he failed to appear. Finding no abuse of discretion, we affirm that order. *See SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] We also **DENY** all of Edo's pending motions before our court.

5